**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT CIMILLO** | : | |
| **420 S. 20th Street** | : | **CIVIL ACTION** |
| **Philadelphia, Pennsylvania 19146** | : | |
| | : | |
| **Plaintiff,** | : | **NO.** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **STREETPLUS COMPANY, LLC** | : | **COMPLAINT** |
| **254 36th Street, Suite C312** | : | |
| **Brooklyn, NY 11232** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**PRELIMINARY STATEMENT**

1.      This case is about the high cost of integrity and the consequences of speaking truth to power.

2.      Plaintiff Robert Cimillo spent years as a dedicated and high-performing executive at StreetPlus Company, LLC, helping the company navigate complex operational challenges while maintaining his professional integrity. But when he refused to look the other way in the face of blatant workplace discrimination and misconduct, the company he had helped build repaid him with swift and ruthless retaliation.

3.      For over two years, Plaintiff raised serious concerns about StreetPlus's President, Steve Hillard, and his persistent pattern of misogynistic and discriminatory conduct toward female employees. Plaintiff reported these issues—not once, not twice, but repeatedly—to Co-CEOs David Goldberg and Patrick DeSimone and Director of Human Resources Luz Golpinar. StreetPlus did nothing to address Mr. Cimillo's concerns.

4.      Instead of addressing the serious and unlawful behavior Plaintiff reported, StreetPlus turned its ire on the whistleblower himself. In a calculated effort to silence dissent and send a chilling message to others who might dare to expose misconduct, StreetPlus fabricated a baseless excuse to fire Plaintiff—claiming his termination was due to the loss of two West Coast accounts, which he had no responsibility for whatsoever.

5.      Plaintiff was not fired for poor performance, incompetence, or even for a legitimate business reason. He was fired because he refused to be complicit in a toxic, discriminatory workplace.

6.      This lawsuit is not just about one man's wrongful termination—it is about holding accountable a company that values blind obedience over ethical leadership. It is about ensuring that those who expose injustice are not punished for their courage, and that StreetPlus faces the full weight of the law for its unlawful and retaliatory conduct.

**PARTIES**

7.      Plaintiff, Robert Cimillo, is an adult male residing at 420 S. 20th Street, Philadelphia, Pennsylvania, and was employed by StreetPlus Company, LLC as its Vice President of Operations from January 4, 2021 until his unlawful termination on September 9, 2024.

8.      Defendant, StreetPlus Company, LLC (hereinafter "StreetPlus" or "Defendant"), is a limited liability company with its principal place of business located at 254 36th Street, Suite C312, Brooklyn, New York.  Defendant is an employer as defined by Title VII and the Pennsylvania Human Relations Act.

9.      At all relevant times hereto, Defendant acted by and through its duly authorized actual and/or apparent agents and employees, including but not limited to Steve Hilliard, Patrick

DeSimone, David Goldberg and the other employees of Defendant, acting within the course and scope of their actual and/or apparent agency and employment.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiff's claims for relief under 28 U.S.C. §§1331 and 1343 since those claims are based in part on violations of and arise under the laws of the United States, including Title VII.

11.     Jurisdiction is also invoked pursuant to 28 U.S.C. §1367, granting this Court supplemental or pendent jurisdiction over the state law claims asserted under the common law and statutes of the Commonwealth of Pennsylvania, including the Pennsylvania Human Relations Act, 43 P.S. Sections 951 *et seq.*, because the state claims and federal claims are so interrelated that they are the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391 since Plaintiff resides in the Eastern District of Pennsylvania, Defendants regularly conduct business in the Eastern District of Pennsylvania and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FULFILLMENT OF TITLE VII CONDITIONS

13.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  A Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") and simultaneously dual-filed with the Pennsylvania Human Relations Commission.  A "Right to Sue" letter was issued by the EEOC to Mr. Cimillo on May 6, 2026. Plaintiff is filing suit within ninety (90) days of receipt of the "Right to Sue" letter.

**FACTUAL ALLEGATIONS**

14.    Plaintiff was Vice President of Operations from January 4, 2021, until September 9, 2024.

15.    Plaintiff consistently met or exceeded performance expectations and had a strong track record in his role.

16.    Beginning in March 2022, Plaintiff reported discriminatory and misogynistic behavior by President Steve Hillard toward multiple female employees, including Susan McKay, Jennifer Loomis, Veronica Sahota, Candace Mason and Melea Solheim.

17.    Plaintiff raised concerns with Co-CEO David Goldberg and HR Director Luz Golpinar, but his concerns were not addressed and no corrective action was taken.

18.    In May (on the phone) and June of 2024 (while on an account visit to Richmond, Virginia), Mr. Cimillo reported to Co-CEO Patrick DeSimone about Mr. Hillard's discriminatory and misogynistic behavior.

19.    Defendant refused to address the problem with Mr. Hillard and instead, only a short period of months later, Defendant (Mr. Hillard, Mr. DeSimone and Mr. Goldberg) terminated Mr. Cimillo on September 9, 2024 under false pretenses, purportedly due to the loss of two accounts on the West Coast, for which Mr. Cimillo had no responsibility.

20.    The termination was done outside of normal protocol and without the prior knowledge of the Director of Human Resources.

21.    It is clear that his termination was in violation of his right to be free of retaliation for making good faith reports of discrimination and harassment to his superiors and HR at Defendant Streetplus.

## COUNT I

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED,
42 U.S.C. § 2000e *et seq.*
RETALIATION FOR REPORTING ABOUT SEX DISCRIMINATION**

22.     Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

23.      Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

24.     Title VII further prohibits employers from taking adverse action or retaliating against employees for opposing or reporting about sex discrimination or harassment.  42 U.S.C. §2000e-3(a).

25.     Plaintiff's reporting of sex discrimination and harassment is a protected activity under Title VII.

26.     Defendant retaliated against Plaintiff for engaging in a protected activity by terminating him under false pretenses.

27.     The effect of the aforementioned conduct, culminating in his unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect his status as an employee because of his opposition to sex discrimination and harassment at Defendant's workplace.

28.     Defendant acted intentionally and willfully.

29.     By reason of Defendant's retaliation, culminating in his unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT RETALIATION FOR REPORTING ABOUT SEX DISCRIMINATION

30. Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

31. This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

32. The PHRA further prohibits employers from taking adverse action or retaliating against employees for opposing or reporting about sex discrimination or harassment.  43 P.S. §955(d).

33. Plaintiff's reporting of sex discrimination and harassment is a protected activity under the PHRA.

34. Defendant retaliated against Plaintiff for engaging in a protected activity by terminating him under false pretenses.

35. The effect of the aforementioned conduct, culminating in his unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect his status as an employee because of his opposition to sex discrimination and harassment at Defendant's workplace.

36. Defendant acted intentionally and willfully.

37.     By reason of Defendant's retaliation, culminating in his unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant and requests an award of relief including, but not limited to actual and compensatory damages, including any and all recoverable economic and noneconomic loss, back pay, front pay, reasonable attorneys' fees and costs, pre-judgment and post judgment interest, and such other further relief as may be just, necessary and proper.

## COUNT III

### VIOLATION OF PHILADELPHIA FAIR PRACTICES ORDINANCE RETALIATION FOR REPORTING ABOUT SEX DISCRIMINATION

38.     Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

39.     This claim arises under the Philadelphia Fair Practices Ordinance, Phila. Code §9-1103(A)(1), which makes it unlawful to discharge or otherwise discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

40.     The Philadelphia Fair Practices Ordinance prohibits employers from taking adverse action or retaliating against employees for opposing or reporting about discrimination or harassment.  Phila. Code §9-1103(A)(7).

41.     Plaintiff's reporting of sex discrimination and harassment is a protected activity under the Philadelphia Fair Practices Ordinance.

42.     Defendant retaliated against Plaintiff for engaging in a protected activity by terminating him under false pretenses.

43.     The effect of the aforementioned conduct, culminating in his unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect his status as an

employee because of his opposition to sex discrimination and harassment at Defendant's workplace.

44.    Defendant acted intentionally and willfully.

45.    By reason of Defendant's retaliation and discrimination, culminating in his unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant and requests an award of relief including, but not limited to actual and compensatory damages, including any and all recoverable economic and noneconomic loss, back pay, front pay, punitive damages, reasonable attorneys' fees and costs, pre-judgment and post judgment interest, and such other further relief as may be just, necessary and proper.

### JURY DEMAND

The Plaintiff demands trial by jury of all issues triable of right to a jury.

### CERTIFICATION

I hereby certify that the Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Respectfully Submitted,
**THE PEARLMAN LAW FIRM, PLLC**

By:_____
Jason L. Pearlman, Esquire (Pa ID #93879)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
610-660-7793
jpearlman@pearlmanlawfirm.com

DATED: 7/28/2026 _____

*Attorney for Plaintiff Robert Cimillo*

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

**ROBERT CIMILLO**

Date: 7/20/2026